IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACIFIC COMMERCIAL SERVICES, LLC, a Hawaii limited liability company,<br><br>              Plaintiff,<br><br>   vs.<br><br>LVI ENVIRONMENTAL SERVICES, INC., nka NORTHSTAR CONTRACTING GROUP, INC., ET AL.,<br><br>              Defendants. | Civ. No. 16-00245 JMS-KJM<br><br>ORDER AWARDING PREJUDGMENT INTEREST, DIRECTING ENTRY OF JUDGMENT, AND ADDRESSING MOTION FOR RECONSIDERATION |

## ORDER AWARDING PREJUDGMENT INTEREST, DIRECTING ENTRY OF JUDGMENT, AND ADDRESSING MOTION FOR RECONSIDERATION

On August 10, 2018, the court entered Findings of Fact and Conclusions of Law, awarding Plaintiff $767,053.14 plus additional prejudgment interest as of August 10, 2018.  ECF No. 170.  Judgment was delayed to allow Plaintiff to establish the exact amount of prejudgment interest.  On August 23, 2018, Plaintiff submitted a supplemental brief, ECF No. 171, which establishes a total amount of prejudgment interest of $354,929.48.  Accordingly, Judgment in the amount of **$1,121,982.62** shall enter in favor of Plaintiff.

The court recognizes that, on August 27, 2018, Defendants filed a Motion for Reconsideration of Findings of Fact and Conclusions of Law, ECF No. 172.  Given that this Order establishes the amount of prejudgment interest and directs entry of judgment, however, the court construes the Motion for Reconsideration as a timely-filed Motion under Federal Rule of Civil Procedure 52(b) and/or 59(e) to amend the Findings and Conclusions and modify the Judgment.  *See, e.g.*, *Calculators Haw., Inc. v. Brandt, Inc.*, 724 F.2d 1332, 1334-35 (9th Cir. 1983) (concluding that a Rule 52(b) motion made after a court indicates the action it will take but before actual entry of judgment is timely).  Such a motion acts to toll the time for seeking an appeal from judgment.  *See, e.g.*, Fed. R. App. P. 4(a)(4)(A); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992).[1]

So construed, Plaintiff's Opposition is due by **September 14, 2018**.  Defendants may file a Reply by **September 28, 2018**.  The court will determine whether to hold a hearing after reviewing the Opposition and Reply.

In the Opposition and Reply for the Rule 52(b)/59(e) Motion, the parties need not argue one of the points raised by Defendants.  Specifically,

---

[1] The standard of review applicable to a Motion for Reconsideration under Local Rule 60.1, and a Rule 52(b)/Rule 59(e) Motion is essentially the same.  *See, e.g.*, *Barranco v. 3D Sys. Corp.*, 2018 WL 3833499, at *2-3 (D. Haw. Aug. 13, 2018) (discussing clear error or manifest injustice for both Rule 60.1 and a Rule 52(b)/59(e) motions).

Defendants argue that Plaintiff should not be deemed a prevailing party for purposes of attorney's fees and costs because of "the prevailing common law rule regarding split decisions," ECF No. 172 at 2, where Defendants earlier prevailed on Count Five. The court rejects this argument — whether Plaintiff prevailed on four of five counts, but lost on the other, might affect the *extent* of success and/or the reasonableness of the *amount* of fees or non-taxable expenses, but does not in this particular case preclude Plaintiff from being deemed a prevailing party. In any event, Defendants may make this argument in their Opposition to any subsequent motion or petition Plaintiff may file seeking attorney's fees and non-taxable expenses.

      To be clear, the further briefing on the Rule 52(b)/59(e) Motion should focus on Defendants' other two arguments, i.e., whether the HECO Subcontract was partially terminated, and whether Plaintiff is entitled to

///

///

///

///

///

///

///

3

prejudgment interest (but not the mathematical calculations in the Findings and Conclusions).

       IT IS SO ORDERED.

       DATED, Honolulu, Hawaii, August 31, 2018.



    /s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Pac. Commercial Servs., LLC v. LVI Envt'l Servs, Inc.*, Civ. No. 16-00245 JMS-KJM, Order Awarding Prejudgment Interest, Directing Entry Of Judgment, And Addressing Motion For Reconsideration