IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACIFIC COMMERCIAL SERVICES, LLC, a Hawaii limited liability company,<br><br>            Plaintiff,<br><br>   vs.<br><br>LVI ENVIRONMENTAL SERVICES, INC., nka NORTHSTAR CONTRACTING GROUP, INC., ET AL.,<br><br>            Defendants. | Civ. No. 16-00245 JMS-KJM<br><br>ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION, ECF NO. 172 |

## **ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION, ECF NO. 172**

On August 27, 2018, Defendants LVI Environmental Services, Inc., nka Northstar Contracting Group, Inc., and Northstar Recovery Services, Inc. ("Defendants" or "LVI") filed a Motion for Reconsideration of Findings of Fact and Conclusions of Law, ECF No. 172 ("Motion for Reconsideration"), seeking amendment or modification of the court's August 10, 2018 Findings of Fact and Conclusions of Law ("FOFCOL"), ECF No. 170. The court construed the Motion for Reconsideration as a timely-filed Motion under Federal Rules of Civil

1

Procedure 52(b) and/or 59(e) to amend the FOFCOL and modify the Judgment. ECF No. 173. Plaintiff Pacific Commercial Services, LLC ("Plaintiff" or "PCS") filed its Opposition on September 14, 2018, ECF No. 177, and LVI filed a Reply on September 28, 2018, ECF No. 180. The court decides the Motion under Local Rule 7.2(e) without an oral hearing. The Motion is DENIED.

LVI's Motion raises two arguments for the court's consideration.[1] First, LVI contends that the court manifestly erred in not addressing, and not accepting, its argument that it partially cancelled the Subcontract between it and PCS pursuant to Paragraph 1.59.A of the Prime Contract between it and Hawaiian Electric ("HECO").[2] (The FOFCOL addressed and rejected a similar argument under Paragraphs 21(a) and 21(b) of the Terms and Conditions of the Subcontract,

---

[1] LVI faults PCS for failing to address LVI's third argument (that because LVI prevailed at summary judgment on Count V, PCS is not entitled to attorneys' fees). *See* Defs.' Reply at 2, ECF No. 180 ("[T]hat issue has apparently been conceded by PCS based on its failure to respond to LVI's argument in the Motion."). LVI, however, fails to recognize that this court already addressed that specific argument, telling the parties that they "need not argue" the point further. *See* Order Awarding Prejudgment Interest, Directing Entry of Judgment, and Addressing Motion for Reconsideration at 2, ECF No. 173. In its Opposition, PCS was following the court's instructions. *See id.* at 3 ("To be clear, the further briefing on the Rule 52(b)/59(e) Motion should focus on Defendants' other two arguments[.]"). The court also stated, "Defendants may make this argument in their Opposition to any subsequent motion or petition Plaintiff may file seeking attorney's fees and non-taxable expenses." *Id.*

[2] Paragraph 1.59.A of the Prime Contract provides: "The Owner [HECO] shall have the right to terminate the Contract in whole or in part, at any time and for any reason, in the sole discretion of the Owner. The termination shall be effected by giving the Contractor [LVI] two (2) days prior written notice." Ex. P-8 at 1-55 (NSC000971), ECF No. 141-11 at 67.

but not under terms of the Prime Contract.) Second, it contends that PCS is not entitled to prejudgment interest because PCS was responsible for an unreasonable delay of "approximately 39 months or 3.25 years" in bringing this suit. ECF No. 172 at 17. The court addresses each argument in turn.

A.  **LVI's Argument Under Paragraph 1.59.A of the Prime Contract is Barred, and Would Fail for Lack of Proof**

The court agrees with PCS that LVI's argument (that the Subcontract was partially terminated under paragraph 1.59.A of the Prime Contract, which was incorporated by reference into the Subcontract) is barred — it was not argued in the trial briefs, was not specifically mentioned at trial, and was not discussed in any substantive pretrial motion. *See, e.g.*, *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("A motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'") (quoting *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000)); *Wereb v. Maui Cty.*, 830 F. Supp. 2d 1026, 1031 (9th Cir. 2011) (reiterating that "reconsideration may not be based on evidence and legal arguments that a movant could have presented at the time of the challenged decision") (citing *Kona Enters.*, 229 F.3d at 890).

Even if the court were to consider it now, its resolution depends upon facts that were not litigated and which were not developed in the trial record. LVI argues that the Prime Contract's terms were incorporated by reference into the Subcontract, as it urged in its proposed Findings and Conclusions. According to LVI, this incorporation-by-reference argument is a purely legal issue for which no evidence was necessary at trial. Defs.' Reply at 3, ECF No. 180. This is decidedly not so.

To be sure, "whether material has been incorporated [by reference] presents a question of law." *Safeway, Inc. v. Nordic PCL Constr., Inc.*, 130 Haw. 517, 527, 312 P.3d 1224, 1234 (Haw. Ct. App. 2013) (quoting 11 Richard A. Lord, *Williston on Contracts* § 30:25, at 308 (4th ed. 2012) (other citations omitted)). But "it is [also] clear that whether one agreement has incorporated another has factual components[.]" *Id.* That is, "[r]emaining to be resolved . . . is whether the parties assented to incorporation of those conditions, and it is here that the inquiry shifts from a matter of law to a matter of fact." *Id.* at 529, 312 P.3d at 1236 (citations omitted). In "look[ing] to the surrounding circumstances of the case . . . assent is a factual inquiry." *Id.*

As LVI's memorandum acknowledges, "in order to uphold the validity of terms incorporated by reference it must be clear that the parties to the

agreement had knowledge of and assented to the incorporated terms." *Servco Pac., Inc. v. SkyBridge Glob., Inc.*, 2016 WL 6996987, at *5 (D. Haw. Nov. 29, 2016) (quoting *Safeway*, 130 Haw. at 527, 312 P.3d at 1234). "Determining whether there is mutual assent is not confined solely to the contractual terms, but 'in combination with the surrounding circumstances presented in the case.'" *Id.* (quoting *Douglass v. Pflueger Haw., Inc.*, 110 Haw. 520, 532, 135 P.3d 129, 141 (2006)). It is an "exacting standard." *Id.*

And whether the parties "had knowledge of and assented to the incorporated terms," *Safeway*, 130 Haw. at 527, 312 P.3d at 1234, raises entirely new factual questions in this case regarding § 1.59A of the Prime Contract — questions that were not litigated or briefed, and for which there is no evidence. The record contains no evidence of intent, one way or the other — thus, even if the court considered the question, LVI's argument would fail for lack of proof. Without such evidence, the court could not make findings regarding PCS's or LVI's "knowledge of and assent" to the terms of the Prime Contract between HECO and LVI, even if LVI had raised the point earlier or even if it would have done so orally at a post-trial hearing (as it claims it was planning to do).

///

///

**B.     PCS Did Not Unreasonably Delay Bringing Suit**

LVI argues that, because PCS waited "3.25 years" to bring suit, the court abused its discretion in awarding prejudgment interest. In response, PCS has established that it did not unreasonably delay filing suit — thus, an award of prejudgment interest is appropriate. *See, e.g.*, *Roxas v. Marcos*, 89 Haw. 91, 153, 969 P.2d 1209, 1271 (1998) (explaining factors courts consider in making the discretionary decision to award or deny prejudgment interest).[3] In particular, PCS has established that it attempted at length to obtain a non-judicial resolution of the dispute before filing this action, and when those attempts failed, made a timely claim with LVI's bonding company in July 2015. *See* Chang Decl. (Sept. 14, 2018) ¶¶ 3, 4, ECF No. 177-1; Lam Decl. (Sept. 14, 2018) ¶¶ 4 to 13, ECF No. 177-2. This suit was first brought in state court on April 19, 2016 — well within the six-year statute of limitations for contract claims, and less than a month after LVI's bonding company denied PCS's claim on March 21, 2016. *See* Pl.'s Ex. 11, ECF No. 177-13.

---

[3] Hawaii Revised Statutes ("HRS") § 636-16 provides: "In awarding interest in civil cases, the judge is authorized to designate the commencement date to conform with the circumstances of each case, provided that the earliest commencement date in cases arising in tort, may be the date when the injury first occurred and in cases arising by breach of contract, it may be the date when the breach first occurred."

The court also agrees with PCS that it is misleading for LVI to suggest a 3.25 year "across the board" delay in bringing suit — that time period is measured from February 5, 2013, which is when LVI first confirmed to PCS its decision to use another contractor for asbestos containing material. *See* Ex. P-24, ECF No. 141-27. But LVI continued to breach the Subcontract through March 5, 2015. *See* Ex. P-65A at 6; ECF No. 146-7. And the related dispute between the parties regarding the per-drum or per-ton charge for disposal of hazardous solid waste (involving the "small font" provision of line item 4 of the HECO Subcontract) was continuing throughout (when the parties still had an ongoing relationship working on aspects of the HECO and Kahuku Projects). At that point, refraining from litigation was not unreasonable or dilatory.

HRS § 636-16 "vests the trial judge with broad discretion to award interest in conformity 'with the circumstances of each case.'" *In re Asbestos Cases*, 847 F.2d 523, 527 (9th Cir. 1988) (quoting the statute). "[T]he clear weight of authority establishes that an award of interest is compensatory in nature and therefore appropriate, where as here, the plaintiff must wait a substantial period between the time of injury and compensation." *Id.* (citations omitted). "Under Hawaii law, '[p]rejudgment interest is an element of complete compensation. Prejudgment interest serves to compensate for the loss of use of money due as

damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress.'" *In re Maui Indus. Loan & Fin. Co.*, 2013 WL 2897792, at *10 (D. Haw. June 13, 2013) (quoting *Kalawaia v. AIG Haw. Ins. Co.*, 90 Haw. 167, 172, 977 P.2d 175, 180 (1999)) (other citations omitted).  Here, the award of prejudgment interest — although substantial — serves as compensation and as damages based on Defendants' breaches set forth in the court's August 10, 2018 FOFCOL.

For the foregoing reasons, Defendants' Motion for Reconsideration is DENIED.  That is, the request to amend the Findings and/or to modify the Judgment is DENIED.

IT IS SO ORDERED.

DATED, Honolulu, Hawaii, October 24, 2018.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Pac. Commercial Servs., LLC v. LVI Envt'l Servs, Inc.*, Civ. No. 16-00245 JMS-KJM, Order Denying Defendants' Motion for Reconsideration, ECF No. 172