IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACIFIC COMMERCIAL SERVICES, LLC, | ) CIV. NO. 16-00245 JMS-KJM ) ) FINDINGS AND |
| Plaintiff, | ) RECOMMENDATION TO GRANT IN ) PART AND DENY IN PART |
| vs. | ) PLAINTIFF'S MOTION FOR ) ATTORNEYS' FEES AND NON- |
| LVI ENVIRONMENTAL SERVICES, INC. and NORTHSTAR RECOVERY SERVICES, INC., | ) TAXABLE COSTS ) ) ) |
| Defendants. | ) ) ) |

FINDINGS AND RECOMMENDATION TO
GRANT IN PART AND DENY IN PART PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS

Plaintiff Pacific Commercial Services, LLC ("Plaintiff") filed a Motion for Attorneys' Fees and Non-Taxable Costs on September 14, 2018 ("Fee Motion"). On September 27, 2018, Plaintiff filed a Statement of Consultation Re Motion for Attorneys' Fees and Non-Taxable Costs ("Statement"). *See* ECF No. 179. Defendants Northstar Contracting Group, Inc. fna LVI Environmental Services, Inc. and Northstar Recovery Services, Inc. (collectively, "Defendants") did not file an opposition to the Fee Motion. On October 19, 2018, this Court issued an Entering Order: (1) finding Plaintiff the prevailing party in this action; (2) explaining its findings on reasonable rates; and (3) ordering Plaintiff to file an

amended exhibit by October 26, 2018, reflecting the rates found reasonable by this Court. *See* ECF No. 183. The Court notified the parties that it would issue its Findings and Recommendations on the Fee Motion after Plaintiff had filed the amended exhibit. On October 25, 2018, Plaintiff timely filed the additional exhibit ("Amended Exhibit"). *See* ECF No. 185.

After carefully reviewing the Fee Motion, the record in this action, and relevant case law, the Court FINDS and RECOMMENDS that the district court GRANT in PART and DENY in PART the Fee Motion.

## BACKGROUND

On April 19, 2016, Plaintiff filed a complaint against Defendants in the State of Hawaii's Circuit Court of the First Circuit for breach of contract and unjust enrichment related to Defendants' alleged breach of two subcontracts for (1) cleaning and waste transportation and disposal services at the Honolulu Power Plant ("HECO Subcontract"), and (2) demolition and remediation services at the Kahuku Wind Farm ("Kahuku Subcontract") (collectively, "Subcontracts"). ECF No. 1-3 at 3 ¶ 11. In response, Defendants filed an Amended Notice of Removal on May 25, 2016, alleging diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. ECF No. 6 at 3. On May 26, 2016, Defendants filed a counterclaim against Plaintiff for reimbursement of excess payments made in connection with the Kahuku Subcontract ("Counterclaim"). *See* ECF No. 8-1 at 3.

"After substantial pre-trial litigation and an order resolving some issues at the summary-judgment stage, the [district] court conducted a non-jury trial of the remaining issues on January 17-18, 2018, followed by post-trial briefing." ECF No. 170 at 2. On August 10, 2018, the district court entered its Findings of Fact and Conclusions of Law ("Findings and Conclusions"), finding and concluding that: (1) "Plaintiff ha[d] proven by a preponderance of the evidence that [Defendants had] breached provisions of the HECO Subcontract and the Kahuku Subcontracts"; (2) "Plaintiff [was] entitled to damages and, separately, recovery for unjust enrichment"; (3) Defendants had failed to prove their "Counterclaim by a preponderance of the evidence"; and (4) "Plaintiff did not breach the HECO Subcontract first." *Id*. at 2-3.

The district court thus concluded that Plaintiff was entitled to: (1) "recover damages and restitution against Defendants in the amount of $767,053.14, plus prejudgment interest to be calculated based on a supplemental filing"; and (2) "submit an application for reasonable attorneys' fees and costs in accordance with the court's local rules." *Id*. at 3.

Plaintiff's filed a Supplemental Brief Regarding Prejudgment Interest on August 23, 2018. *See* ECF No. 171. Defendants filed a Motion for Reconsideration of the Findings and Conclusions on August 27, 2018 ("Motion for Reconsideration"). *See* ECF No. 172. On August 31, 2018, the district court

issued its Order Awarding Prejudgment Interest, Directing Entry of Judgement, and Addressing Motion for Reconsideration ("August 31, 2018 Order").  *See* ECF No. 173.  In its August 31, 2018 Order, the district court reasoned that Plaintiff prevailing on four of the five counts "may affect the *extent* of success and/or the reasonableness of the *amount* of fees or non-taxable expenses, but does not in this particular case preclude Plaintiff from being deemed a prevailing party." *Id.* at 3 (emphasis in original).  The district court entered its Judgment on August 31, 2018.  *See* ECF No. 174.

Plaintiff filed its Fee Motion on September 14, 2018, and its Statement on September 27, 2018.  *See* ECF Nos. 176, 179.  The Statement asserted that Plaintiff attempted to meet and confer with counsel for Defendants; however Defendants' counsel "indicated that no agreement on the Fee Motion could be reached because Defendants' position is that [Plaintiff] 'is not entitled to fees in a split decision case.'"  *See* ECF No. 179 at 2.  Although Defendants filed a reply in connection with their Motion for Reconsideration, Defendants did not file an opposition to the Fees Motion.  *See* ECF No. 180.  Plaintiff filed its reply on October 15, 2018 ("Reply").  *See* ECF No. 182.  Plaintiff requests a total of $258,030.79 in attorneys' fees, $11,317.27 in additional attorneys' fees for post-trial motions, and $256.53 in non-taxable expenses.

4

DISCUSSION

A. Entitlement to Fees

The Court agrees with Plaintiff's reasoning in its Fees Motion that it is entitled to fees under the terms of the Subcontracts and Hawaii Revised Statutes section 607-14, which provides a legal basis for fee recovery in assumpsit actions. *See* ECF No. 176-1 at 5-6; *see also* HRS § 607-14 ("In all the courts, in all actions in the nature of assumpsit . . . or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable . . . .").

The Court also finds that the district court has already determined that Plaintiff's success in four of five counts did not preclude Plaintiff from recovery, only that it might affect the extent of success and/or the reasonableness of the amount of fees or non-taxable expenses. *See* ECF No. 173 at 3. The Court has reviewed the record in this case. Plaintiff succeeded on four of its five claims, which achieved "some of the benefit" Plaintiff sought in this action. The Court thus concludes that Plaintiff is the prevailing party; therefore, Plaintiff is entitled to reasonable attorneys' fees. *Eggs 'N Things Int'l v. ENT Holdings LLC*, Civil No. 10-00298 JMS/LEK, 2011 WL 676226, at *9 (D. Haw. Feb. 17, 2011) ("Plaintiffs need not receive all the relief they sought to be afforded 'prevailing party' status—

5

a party 'prevails' for purposes of attorneys' fees if 'they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'") (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (citation and quotation signals omitted)); *see also Food Pantry, Ltd. v. Waikiki Business Plaza, Inc.*, 58 Haw. 606, 620, 575 P.2d 869, 879 (1978) ("[W]here a party prevails on the disputed main issue, even though not to the extent of his original contention, he will be deemed to be the successful party for the purpose of taxing costs and attorney's fees.").

B.  Calculation of Reasonable Fees

Defendants did not oppose the Fee Motion.  Nonetheless, "the fact that there is no party to challenge an application for attorney's fees and costs does not mean that a court should rubber-stamp the request.  On the contrary, it may be even more imperative for a court to scrutinize such a motion." *Cognizant Tech. Sols. U.S. Corp. v. McAfee*, Case No. 14-cv-01146-WHO, 2014 WL 3885868, at *2 (N.D. Cal. Aug. 7, 2014).  Indeed, Hawaii Revised Statutes section 607-14 authorizes a "fee that the court determines to be reasonable."  In addition, the respective provisions in the Subcontracts provide that the prevailing party is "entitled to recover reasonable attorney's fees, costs and expenses incurred in litigating . . . the dispute."  ECF No. 170 at 76.  Accordingly, despite the lack of opposition, this

Court nonetheless has an obligation to determine the reasonableness of the fees and non-taxable costs requested.

"Hawaii courts calculate the reasonableness of attorneys' fees based on a method that is nearly identical to the traditional 'lodestar' calculation set forth in *Hensley* . . . ." *Du Preez v. Banis*, No. CIVIL NO. 14-00171 LEK-RLP, 2017 WL 6523162, at *2 (D. Haw. Oct. 18, 2017), *adopted by* 2017 WL 6519015 (D. Haw. Dec. 20, 2017). "Under the lodestar method, the court must determine a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate." *Id*.

   1. Hourly Rate

Plaintiff requests the following attorneys' fees for work performed by their counsel:

| NAME | RATE | HOURS | TOTAL LODESTAR | TAX 4.712% | TOTAL |
|---|---|---|---|---|---|
| Elijah Yip, Esq. | $300 (2015)<br>$310 (2016)<br>$320 (2017)<br>$330 (2018a)<br>$280 (2018b) | 19.00<br>90.70<br>449.60<br>118.40<br>5.70 | $5,700.00<br>$28,117.00<br>$143,872.00<br>$39,072.00<br>$1,596.00 | $268.58<br>$1,324.87<br>$6,779.25<br>$1,841.07<br>$75.20 | $228,645.98 |
| Allison Mizuo Lee, Esq. | $325 | 6.50 | $2,112.50 | $99.54 | $2,212.04 |
| John P. Duchemin, Esq. | $245 | 11.20 | $2,744.00 | $129.30 | $2,873.30 |
| Darene K. Matsuoka, Esq. | $200 | 8.50 | $1,700.00 | $80.10 | $1,780.10 |
| Amy P. Parker (Paralegal) | $160 | 0.70 | $112.00 | $5.28 | $117.28 |
| Frank C. Camaro (Paralegal) | $170 | 76.40 | $20,434.00 | $962.85 | $21,396.85 |

| Zion Kawahakui (Paralegal) | $160 | 6 | $960.00 | $45.24 | $1,005.24 |
|---|---|---|---|---|---|
| TOTALS | | 836.50 | $246,419.50 | $11,611.29 | $258,030.79 |

As explained in its October 19, 2018 Entering Order, based on this Court's knowledge of the prevailing market rates in this community and the experience, skill, and reputation of the professionals who performed work in this action, the Court finds that Mr. Yip's and Mr. Duchemin's rates are reasonable. *See Webb v. Ada Cty.*, 285 F.3d 829, 840 (9th Cir. 2002) (citing *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210-11 (9th Cir. 1986)) (explaining that when assessing a reasonable hourly rate, a court "should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation"); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").

Mr. Yip has nineteen years of legal experience and was a partner at a law firm for ten years before starting his current firm in August 1, 2018. *See* ECF No. 176-1 at 10-11. The Court finds that the rates requested for Mr. Yip ($280-$330) are reasonable. *See Honolulu Acad. of Arts v. Green*, No. CV 15-00355 DKW-KSC, 2017 WL 1086224, at *9 (D. Haw. Feb. 28, 2017), *adopted sub nom. by Honolulu Acad. of Arts v. Greene*, No. CV 15-00355 DKW-KSC, 2017 WL 1091309 (D. Haw. Mar. 21, 2017) (awarding a partner at a firm in San Francisco

8

with 25 years of experience an hourly rate of $325 for work performed between 2015-2016). Mr. Duchemin has twelve years of legal experience, and has been with his Hawaiʻi law firm since 2012. *See id.* at 13. The Court finds that the $245 hourly rate requested for Mr. Duchemin is reasonable. *See Sanact, Inc. v. US Pipelining LLC*, No. Civil No. 16-00377 HG-RLP, 2018 WL 4737227, at *2 (D. Haw. Sept. 10, 2018), *adopted sub nom. by SANACT, INC. v. US PIPELINING LLC*, No. CV 16-00377 HG-RLP, 2018 WL 4704029 (D. Haw. Oct. 1, 2018) (awarding an attorney licensed in Hawaiʻi since 2012 an hourly rate of $225); *Pelayo v. Platinum Limousine Servs., Inc.*, No. CV 15-00023 DKW-KJM, 2016 WL 5402185, at *5 (D. Haw. Sept. 27, 2016) (awarding an attorney licensed in Hawaiʻi since 2009 an hourly rate of $225).

The Court finds, however, that the rates requested for Ms. Lee, Ms. Matsuoka, Ms. Parker, Mr. Camaro, and Mr. Kawahakui are excessive. First, Ms. Lee has seventeen years of legal experience and has been a partner at her law firm for nine years. *See* ECF No. 176-1 at 12-13. Ms. Lee requests an hourly rate of $325. Ms. Lee worked 6.50 hours in this case reading various filings in this action and participating in phone calls regarding trial strategy. *See* ECF No. 176-4. Based on her experience and the work performed in this action, the Court finds that $300 is a more reasonable hourly rate for Ms. Lee. *See Sanact*, 2018 WL 4704029, at *2 (finding an hourly rate of $300 and $325 reasonable for an attorney licensed

9

in Hawaiʻi since 1987); *D.S. v. Haw. Dep't of Educ.*, No. CIV. 12-00533 DKW-RLP, 2014 WL 772895, at *3 (D. Haw. Feb. 25, 2014) (considering the attorney's role in the litigation in determining a reasonable rate).

Second, the Court finds that the $200 hourly rate requested for Ms. Matsuoka is excessive. Ms. Matsuoka was not admitted to the Hawaiʻi bar until November 17, 2017. Accordingly, the work performed by Ms. Matsuoka in this action was as an unlicensed attorney. *See* ECF No. 176-4 at 99-100. The Court finds that $180 is a more reasonable rate for work performed in 2017 by a first-year associate.

Third, the Court finds that the hourly rates requested for the work expended by the paralegals in this action are excessive. Plaintiff requests an hourly rate of: (1) $160 for Ms. Parker, who has been a litigation paralegal for 37 years; and (2) $160 for Mr. Kawahakui, who has been a paralegal for eight years and as a IT/Litigation Support and Network Administrator before that for ten years. *See* ECF Nos. 176-1 at 13-14. The Fee Motion fails to provide Mr. Camaro's years of experience, but based on the hourly rate requested for Mr. Camaro, $170, the Court assumes that his years of experience are similar to Ms. Parker and Mr. Kawahakui. *See id*. at 13-14. The Court finds that a rate of $160-$170 an hour for a litigation paralegal is excessive.

This district court recently awarded a rate of $130 for a number of paralegals. The court explained that, although the rates requested for the work performed by the paralegals in the matter were "slightly above the prevailing rates generally awarded for paralegal work in this community, based on the Court's careful review of the time entries," it appeared that the paralegals in the action "performed significant work that would otherwise have been done by an attorney." *See Sanact*, 2018 WL 4704029, at *1-2 (reflecting that one of the paralegals had expended a majority of the hours in the case).

Notably, Plaintiff did not submit any evidence that $160-$170 are the prevailing rates generally awarded for paralegal work in this community. *See Jordan v. Multnomah Cty.*, 815 F.2d 1258, 1263 (9th Cir. 1987) ("The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation."). Based on the rates generally awarded for paralegal work in this community, and this Court's review of the paralegals' time entries, the Court finds that $130 is a reasonable hourly rate for the work performed by the paralegals in this action.

2. Hours Reasonably Expended

11

Plaintiff expended a total of 836.50 hours in this action, which comprised of pre-trial summary-judgment motions, hearings, settlement conferences, a two-day non-jury trial, and a number of post-trial briefings.  The Court also carefully reviewed Plaintiff's entries for excessive internal conferencing, block billing, insufficient detail, clerical tasks, duplicative attendance at hearings, and other types of non-compensable tasks.  The Court finds that the hours expended by Plaintiff's attorneys and paralegals are associated with Plaintiff's claims and reasonably necessary to prevail on its claims.  *See United States v. Chung*, Civ. No. 07-00570 ACK-BMK, 2010 WL 5388006, at *3 (D. Haw. Dec. 17, 2010) ("Beyond establishing a reasonable hourly rate, a party seeking attorneys' fees bears the burden of proving that the requested fees and costs are associated with the relief requested and are reasonably necessary to achieve the results obtained.").  Accordingly, the Court finds that Plaintiff requests fees based on a reasonable number of hours expended in this action.

C.    Total Lodestar Calculation

Based on the foregoing, the Court recommends that the district court award a lodestar amount of $252,437.60, which represents a $5,593.19 reduction from the lodestar amount originally requested:

| NAME | RATE | HOURS | TOTAL LODESTAR | TAX 4.712% | TOTAL |
|---|---|---|---|---|---|
| Elijah Yip, Esq. | $300 (2015) $310 (2016) | 638.40 | $5,700.00 $1,324.87 | $268.58 $1,324.87 | $228,645.97 |

|  | $320 (2017) $280 (2018) |  | $6,779.25 $1,841.07 $75.20 | $6,779.25 $1,841.07 $75.20 |  |
|---|---|---|---|---|---|
| Allison Mizuo Lee, Esq. | $300 | 6.50 | $1,950.00 | $91.88 | $2,041.88 |
| John P. Duchemin, Esq. | $245 | 11.20 | $2,744.00 | $129.30 | $2,873.30 |
| Darene K. Matsuoka, Esq. | $180 | 8.50 | $1,530.00 | $72.09 | $1,602.09 |
| Amy P. Parker (Paralegal) | $130 | 0.70 | $91.00 | $4.29 | $95.29 |
| Frank C. Camaro (Paralegal) | $130 | 76.40 | $15,626.00 | $736.30 | $16,362.30 |
| Zion Kawahakui (Paralegal) | $130 | 6 | $780.00 | $37.00 | $817.00 |
| TOTALS |  |  | $241,078.00 | $11,359.60 | $252,437.60 |

*See* ECF No. 185.

D.  Hours Expended on Post-Trial Motions

In addition to an award of the lodestar amount, Plaintiff requests $11,317.27 in fees for the following:  (1) $3,342.41 (11.4 hours x $280/hour plus 4.712% tax) to prepare a Memorandum in Opposition to Defendants' Motion For Reconsideration ("Opposition to Reconsideration"); (2) $2,212.00 (7.9 hours x $280/hour plus 4.712% tax) to prepare the Bill of Costs and the supporting memorandum, declaration, and exhibits; (3) $5,404.00 (19.3 hours x $280/hour plus 4.712% tax) to prepare the Fees Motion; and (4) $4,397.90 (15 hours x $280/hr plus 4.712% tax) to prepare a reply in connection with the Fees Motion. *See* ECF No. 176-1 at 9 n.3; ECF No. 182.

Based on the hours requested by Plaintiff, the Court's calculations yielded the following totals: (1) $3,342.41[1] for the 11.4 hours expended by Mr. Yip on the Opposition to Reconsideration at an hourly rate of $280; (2) $2,316.23[2] for the 7.9 hours expended by Mr. Yip on the Bill of Costs at an hourly rate of $280; (3) $5,658.64[3] for the 19.3 hours expended by Mr. Yip on the Fees Motion at an hourly rate of $280; and (4) $586.39[4] for 2 hours, which are the number of hours the Court finds reasonable for Mr. Yip to have expended on the concise Reply, given the absence of an opposition to the Fees Motion, and Amended Exhibit. Accordingly, the Court recommends awarding Plaintiff an additional $11,903.67 ($3,342.41 + $2,316.23 + $5,658.64 + $586.39) for the work expended on the post-trial motions.

E.   Non-Taxable Expenses

Plaintiff also seeks an award of non-taxable expenses. Plaintiff seeks $256.53 for non-taxable costs, which consist of: (1) $120.93 for courier services; and (2) $135.60 for copying charges, which consists of a $13.50 charge to make a

---

[1] 11.4 * $280 = $3,192.00.  $3,192.00 * 4.712% = $150.41.  $3,192.00 + $150.41 = $3,342.41.

[2] 7.9 * $280 = $2,212.00.  $2,212.00 * 4.712% = $104.23.  $2,212.00 + $104.23 = $2,316.23.

[3] 19.3 * $280 = $5,404.00.  $5,404.00 * 4.712% = $254.64.  $5,404.00 + $254.64 = $5,658.64.

[4] 2 * $280 = $560.00. $560.00 * 4.712% = $26.39. $560.00 + $26.39 = $586.39.

copy of building permit documentation at the Department of Planning and Permitting and a $122.10 charge for Hawaiian Electric Company to conduct research and copying in response to a subpoena. *See* ECF No. 176-1 at 16. Although Hawaii Revised Statutes section 607-14 does not expressly authorize an award of non-taxable costs in addition to attorneys' fees, Hawai‘i courts have awarded non-taxable costs pursuant to Section 607-14. *See BlueEarth Biofuels, LLC v. Hawaiian Elec. Co.*, No. CIV. 09-00181 LEK-KSC, 2015 WL 881577, at *20-*21 (D. Haw. Feb. 27, 2015).

Based on its review of Plaintiff's request and the attached receipts, the Court FINDS that the requested non-taxable expenses were reasonably incurred in this litigation and RECOMMENDS that the district court award expenses in the amount of $256.53 ($120.93 + $13.50 + $122.10).

## CONCLUSION

Based on the foregoing, the Court finds that Plaintiff is the prevailing party, and is thus entitled to $264,597.80 ($252,437.60 for the lodestar award + $11,903.67 for post-trial motions + $256.53 for non-taxable expenses).[5] The Court thus recommends that the district court GRANT Plaintiff's September 14, 2018

---

[5] Hawaii Revised Statutes section 607-14 limits attorneys' fees paid by the losing party to "twenty-five per cent of the judgment." The district court entered judgment in the amount of $1,121,932.62 in favor of Plaintiff on August 31, 2018. *See* ECF No. 173. $280,483.20 is twenty-five per cent of the judgment entered in favor of Plaintiff. Accordingly, this Court's recommendation to award a total amount of $264,597.80 does not exceed the limit imposed by section 607-14.

Motion for Attorneys' Fees and Non-Taxable Costs by awarding a total $264,597.80 in reasonable attorneys' fees and non-taxable expenses. The Court recommends that the district court DENY Plaintiff's Fees Motion in all other respects.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawai'i, October 29, 2018.



/S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

CIV. NO. 16-00245 JMS-KJM; *PACIFIC COMMERCIAL SERVICES, LLC. v. LVI ENVIRONMENTAL SERVICES, INC., nka NORTHSTAR CONTRACTING GROUP, INC., a California corporation; NORTHSTAR RECOVERY SERVICES, INC*; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS